[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO SUPPRESS
CT Page 5778
This is a motion to suppress a packet seized from the defendant at the time of his arrest.[1] The facts are as follows. An anonymous call was made to the Hamden Police on November 17, 1998. at approximately 7:50 A.M. that some youths were smoking narcotics in front of an apartment complex. Two officers were at a building next to the complex and immediately drove to the scene. The officers did not observe any youths in the area of the complex. They left their cruiser and walked around on the grounds. On a road in back of the complex, the officers saw four young men, one of whom was the defendant. The defendant was smoking a cigarette, but it was not determined whether this was marijuana or tobacco. A school is located up the street and at this time of day, there were students walking to the school.
The officers stopped the group and asked them to approach. On the approach the defendant threw a packet to the ground. One of the officers recovered the packet and it field tested for marijuana. The defendant was subsequently charged with narcotics offenses.
The packet may only be seized if the stop legal. State v.Oquendo, 223 Conn. 635, 660 (1992). If illegal, the apparent abandonment of the packet by the defendant is irrelevant. Id. The stop may be made only if the officer has a "reasonable and articulable suspicion" to warrant a stop. State v. Wilkins,240 Conn. 489, 495 (1997): State Groomes, 232 Conn. 455, 468 (1995). "[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that [stop. ]" Terry v. Ohio,392 U.S. 1, 21 (1968).
On these facts the stop was illegal. The officers did not see a group of persons in front of the apartment complex on arrival. They saw a group of youths on a road in back of the buildings, but they were at that time doing nothing illegal. The defendant was smoking a cigarette, but there was no indication that this CT Page 5779 was marijuana. There were other youngsters in the area going to school. The anonymous tip itself cannot support the search in this case, as the police did not corroborate the accuracy of the tipster's information. Cf. State v. Anderson, 24 Conn. App: 438, 445 (1991).
Since the reasonable suspicion was lacking at the time of the stop, the motion to suppress must be granted. So ordered.
Henry S. Cohn, J.